## IN THE UNTED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **RIP MAGAZINE, LLC,** | **CASE NO.: 1:22-cv-0959** |
| Plaintiff, | |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **JACOB C. DIETZ, an individual, CLC DESERT HOLDINGS LLC, dba PYSNE CO., and DOES 1 through 10.** | |
| Defendants. | |

Plaintiff RIP MAGAZINE, LLC, a Texas limited liability company (hereinafter referred to as "Plaintiff") by and through its undersigned counsel of record herein, is informed and believes and thereon alleges and avers as follows as against Jacob C. Dietz, an individual residing in Arizona, CLC Desert Holdings LLC, dba Psyne Co., and DOES 1 through 10, inclusive (hereinafter collectively referred to herein as "Defendant"):

### NATURE OF THE ACTION

1.     Plaintiff asserts claims against Defendants for, *inter alia*, trademark infringement under federal and common law rights in trademarks and trade name, false designation of origin, and unfair competition, and hereby seeks a permanent

ORIGINAL COMPLAINT

injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.      This is a civil action seeking damages, declaratory and injunctive relief for trademark infringement. Jurisdiction of the Court is invoked under 28 U.S.C. §1121 and §1338(a) as an action arising under Acts of Congress relating to trademarks, namely, the Lanham Act, 15 USC §1051; *et seq*. This Court has supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. § 1367(a).

3.      Each Defendant is subject to personal jurisdiction in the State of Texas at the time this action commenced because each Defendant has continuous and systematic contacts with the state of Texas, including conducting substantial and regular business in the State of Texas and this judicial district, and through the marketing and sales of products that infringed and infringe Plaintiff's "Starwood" trademarks. Further, each Defendant committed tortious acts that give rise to this action within this judicial district that each Defendat knew would cause and did cause harm to Plaintiff in this judicial district .

4.      Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

## **PARTIES**

5.     Plaintiff is a Texas limited liability company organized, doing business under the laws of the State of Texas and having its principal office at 5900 Balcones Drive, Suite 4228, Austin, Texas 78731.

6.     Defendant CLC Desert Holdings LLC is a two member Arizona limited liability company doing business as Psyne Co. and having its principle place of business at 16211 N. Scottsdale Rd., Ste. A6A-288, Scottsdale, Arizona, 85254. On information and belief, both members are domiciled in the state of Arizona.

7.     Defendant Jacob Dietz is an individual residing in Arizona and may be served with process at 4055 East Tannery Court, Gilbert, Arizona 85297.

8.     Plaintiff sues DOES 1 through 10, inclusive, by fictitious names because their names, capacities and/or facts showing they are or may be liable are not presently known to either Plaintiff. Plaintiff will amend the complaint and allege the true names and capacities of DOES 1 through 10, inclusive, once sufficient facts have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible, in some manner, for the occurrences alleged herein and claim an interest.

## SPECIFIC ALLEGATIONS

## Plaintiff Commercially Uses "RIP" Mark In November of 2011

10.     Plaintiff RIP has been publicly and commercially using the "Starwood" mark since August 2015 in connection with certain music-based goods and services within the music and fashion industries, including but not limited to reproductions on bandanas, dresses, headwear, pants, shirts, shorts, and underwear, in International Trademark Class 025.

11.     On or about September 6, 2016, Plaintiff was issued U.S. Trademark registration number 5036521 for the distinct word marks for "Starwood" by the United States Patent and Trademark Office ("USPTO") (referred to herein as the "Starwood" trademark and/or the "Mark"). **See Exhibit 1**.

12.     The Mark has been registered since that time and has not been abandoned, canceled, or revoked.

13.     Plaintiff is the sole owner of the Mark and has not transferred, assigned, licensed or otherwise alienated such Mark for the benefit of any third party.

14.     Since adopting the Starwood trademark, Plaintiff has developed a number of proprietary products and services, and has continuously maintained exclusive rights over the Mark since its first use in commerce. Plaintiff currently sells its products in almost every state, and continuously engages in a national marketing campaign to promote them. Plaintiff's clothing with the Mark has been worn by various celebrities in furtherance of this campaign.

15.     Plaintiff has invested a considerable amount of money in promoting goods and services associated with the Starwood trademark throughout the United States.

16.     The Starwood trademark is highly distinctive.

17.     The Starwood trademark and the goodwill associated with it have become valuable assets of Plaintiff.

18.     In addition to the trademark registration, Plaintiff displays the Starwood trademark in commerce and actively sells goods bearing the Starwood trademark in commerce on social media pages such as Facebook (facebook.com/ripmagazine) and Instagram (instagram.com/ripmagazineofficial); and on websites such as https://www.ripmagazine.com/collections/starwood:



19.     As a result of Plaintiff's widespread and continual commercial use of the Mark in interstate commerce in connection with a wide variety of goods and services, the Starwood trademark has acquired extensive goodwill, brand recognition and customer loyalty within the music and fashion industries industries. Plaintiff's use of the Starwood trademark has now developed a high degree of

distinctiveness, recognized throughout domestic markets within the United States and has begun developing recognition in international markets.

20.     Protections against the unauthorized use of the Starwood trademark are based on federal statute as well as those afforded under common law rights dated back to Plaintiff's initial use of the August 2015.

## Defendant Uses Mark After Registration

21.     Defendant Dietz within the last year began branding t-shirts with Plaintiff's "Starwood" trademark. As such, Defendant has infringed upon and has used the Starwood trademark without authorization from Plaintiff.

22.     Prior to April 21, 2022, Defendant Dietz sold items bearing the Starwood trademark without authorization on at least the following online store: https://psyne.co/product/starwood-club-1973-vintage-mens-t-shirt/ that was owned and/or controlled by Defendant Dietz.

23.     On information and belief, Defendant Dietz formed CLC Desert Holdings LLC on or around April 21, 2022 and transferred ownership of the domain https://psyne.co to CLC Desert Holdings LLC on or around even date.

24.     Defendants infringed upon, sells and/or sold items with the Starwood trademark without authorization or permission including on the following websites:

- Psyne.com

https://psyne.co/product/starwood-club-1973-vintage-mens-t-shirt/



- Teepublic.com

https://www.teepublic.com/t-shirt/30822915-starwood-club-1973?feed_sku=30822915D1V&utm_source=google&utm_medium=cpc&utm_campaign=%5BG%5D%5D%5BG.USA%5D%5BL.ENG%5D%5BGEN%5D%5BC.TShirts%5D%5BSSC%5D&utm_id=notset&utm_content=not+set&ar_clx=yes&ar_channel=google&ar_campaign=71700000088748521&ar_adgroup=5870007503484722&ar_ad=PRODUCT_GROUP&ar_strategy=search&gclsrc=aw.ds&gclid=CjwKCAjw7vuUBhBUEiwAEdu2pNwfY9vzU7h25VkqARxcOiFLSbqcYu14vDufkx8YQ_Y7HrynhSGsQBoCGFsQAvD_BwE



- Ebay.com

https://www.ebay.com/itm/175305866556?chn=ps&var=474527916755&norover=1&mkevt=1&mkrid=711-117182-37290-0&mkcid=2&itemid=474527916755_175305866556&targetid=1264870805264&device=m&mktype=&googleloc=9028305&poi=&campaignid=14859008593&mkgroupid=130497710760&rlsatarget=pla-1264870805264&abcId=9300678&merchantid=137663628&gclid=CjwKCAjw7vuUBhBUEiw

AEdu2pAFhbDPxJdddERQ1sp0OqRXOvAYfQ_XIVAahzruX3FVqG-
S1Xr9srhoCjDsQAvD_BwE



- Garcstore.com

https://garcstore.com/product/4025482-starwood-club-1973-flowy-tank



25.    Upon information and belief, Defendants have used the Starwood
trademark in connection with products and services in a manner that creates a
likelihood of confusion. Defendants have misrepresented their legal authority to use
the Starwood trademark in commerce by selling clothing items on their website and
through online stores. Thus, upon information and belief, there is a high likelihood
that the continued use and promotion by Defendants of the Starwood trademark will

cause additional confusion in the marketplace as to the source of the goods and services sold by Plaintiff and Defendants. The overlap in goods, services, and customers, as well as the confusingly similar names and marks, is likely to cause confusion.

## **FIRST CAUSE OF ACTION**

### **INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**[§32(1) of The Lanham Act, 15 U.S.C. §1114(1)]**
**(Against each Defendant and Does 1-10)**

26.     Paragraphs 1-25 are realleged and incorporated by reference as if set forth in full.

27.     As described in this Complaint, Defendants have infringed upon Plaintiff's registered Starwood trademark in interstate commerce by various acts, including, without limitation, the adoption of the starwood mark and the sale of clothing in connection with the infringing starwood mark.

28.     Defendants' adoption and use of the infringing mark is made without permission or authority from Plaintiff, has caused and is likely to cause confusion, mistake and/or an intent to deceive those in the relevant mark.

29.     Defendants have adopted and used the infringing mark in connection with clothing with constructive notice of Plaintiff's registration under 15 U.S.C. §1072.

30.     By engaging in the unlawful conduct, Defendants used in commerce,

without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the Mark and/or reproduced, counterfeited, copied or colorably imitated the Mark, or applied a reproduction, counterfeit, copy or colorable imitation of the Mark on its website and to major clothing retailers intended to be used in commerce or reach consumers in violation of 15 U.S.C. §1114.

31.     The harm caused by Defendants' unlawful conduct entitles Plaintiff to recovery of all available remedies under the law, including but not limited to actual damages, infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs, and prejudgment interest.

32.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the Starwood trademark as well as with willfulness, bad faith, and the intent to cause confusion, mistake and/or to deceive. Defendant's conduct, as alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

33.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill.

## SECOND CAUSE OF ACTION

**INFRINGEMENT OF COMMON LAW RIGHTS**
**IN TRADEMARKS AND TRADE NAME**
**(Against each Defendant and Does 1-10)**

34.    Paragraphs 1-33 are realleged and incorporated by reference as if set forth in full.

35.    As described in this Complaint, Defendants have infringed upon Plaintiff's common law rights to its trademark and trade name.  Plaintiff is the senior user of the mark "RIP".  A likelihood of confusion exists between Plaintiff's mark and Defendants' mark.

36.    Defendants' infringement of Plaintiff's common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

37.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the Starwood trademark as well as with willfulness, bad faith, and the intent to cause confusion, mistake and/or to deceive. Defendant's conduct, as alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

38.    Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill.

## THIRD CAUSE OF ACTION

**FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION**
**[§43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))]**
**(Against each Defendant and Does 1-10)**

39.    Paragraphs 1-38 are realleged and incorporated by reference as if set forth in full.

40.    As described in this Complaint, Defendants' adoption and use of the infringing mark constitutes a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. §1125(a).

41.    Defendants' actions in connection with Defendants' products and services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Plaintiff, and constitute unfair competition under the Lanham Act, 15 U.S.C. §1125(a).

42.    By reason of Defendants' actions in connection with Defendants' products and services, Plaintiff has been damaged in an amount not presently ascertained, but will be determined at trial, and such damage will continue and increase unless and until Defendants are enjoined from continuing their wrongful acts. Plaintiff has been.

43.    The harm caused by Defendants' unlawful conduct entitles Plaintiff to recovery of all available remedies under the law, including but not limited to actual

damages, infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs, and prejudgment interest.

44.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the Starwood trademark as well as with willfulness, bad faith, and the intent to cause confusion, mistake and/or to deceive. Defendant's conduct, as alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

45.    Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a jury trial on the merits and prays for relief against Defendants, and each of them, jointly and severally, as follows:

A.    That pursuant to 15 U.S.C. §1116, the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the Starwood mark, as well as any other names or marks that are confusingly similar to Plaintiff's trademark, as Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of Defendants are enjoined;

B.    That the Court declare that Defendants' use of the Starwood trademark

infringes Plaintiff's rights in the Starwood trademark;

C.     That Defendants be ordered to remove and/or deliver up for destruction all advertisements, packaging, labels, materials, and other articles bearing the Starwood trademark, as well as any other marks that infringe Plaintiff's trademark;

D.     For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiff's copyright in the infringed compositions, pursuant to 15 U.S.C. §1117(a);

E.     Restitution;

F.     For a final judgment against Defendants for all profits derived from Defendants' unlawful, unfair and unreasonable conduct, all actual damages suffered by Plaintiff (such amount to be trebled);

G.     That Plaintiff recover the damages sustained in an amount to be proven at trial;

H.     That Plaintiff recover statutory damages to the fullest extent available under the law and to the extent elected by Plaintiff prior to the rendering of final judgment;

I.     That Plaintiff recover the costs of this action, including reasonable attorney's fees;

J.     Prejudgment and postjudgment interest; and

K.     Further relief as the Court may deem proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury on all issues and causes of action triable by jury.

DATED: September 22, 2022          Respectfully submitted,


                                  */s/ Mateo Z. Fowler*
                                  Mateo Z. Fowler
                                  State Bar No. 24062726
                                  mateofowler@mzflaw.com
                                  **MZF LAW, PLLC**
                                  1211 W. 6th Street, Ste. 600-143
                                  Austin, Texas 78703
                                  Telephone:  (281) 546-5172

                                  **ATTORNEYS FOR PLAINTIFF**

Exhibit 1

# United States of America

## United States Patent and Trademark Office

# STARWOOD

**Reg. No. 5,036,521**

**Registered Sep. 06, 2016**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

RIP Magazine, LLC (TEXAS LIMITED LIABILITY COMPANY)
11325 Bastogne Loop
Austin, TX 78739

CLASS 25: Bandanas; Dresses; Hats; Headwear; Pants; Shirts; Shorts; Underwear

FIRST USE 8-29-2015; IN COMMERCE 8-29-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-900,208, FILED 02-08-2016
MATTHEW THOMA STIGALL, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.